**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **1. TIMOTHY HINES,**<br><br>**Plaintiff,**<br>**v.**<br><br>**1. LOWE'S HOME CENTERS, LLC,**<br><br>**Defendant.** | **CIV-16-873-C**<br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Timothy Hines, and for his Complaint against the Defendant alleges and states as follows:

## PARTIES

1. Plaintiff, Timothy Hines, is an adult male resident of Cleveland County, Oklahoma.

2. Defendant Lowe's Home Centers, LLC, is a limited liability company doing business in and around Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on the following claims: (a) race discrimination in violation of Title VII of the Civil Rights Act of 1964; (b) gender discrimination in violation of Title VII of the Civil Rights Act of 1964; (c) disability discrimination in violation of the ADA and ADAAA; (d) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), (e) interference with and retaliation for Plaintiff having used and/or attempted to use medical leave under the Family Medical Leave Act ("FMLA"), and (f) failure to pay regular and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and Oklahoma state law.

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claim as it arises out of the same core of operative facts as the federal claims, and jurisdiction over it is vested in this Court under 28 U.S.C. § 1367(a).

5. Plaintiff has exhausted his administrative remedies as to the above-listed claims by timely filing an initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 1, 2016, and having filed an Amended Charge on or about May 19, 2016. Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated on or about June 9, 2016, which Plaintiff received by mail thereafter, and has timely filed this action within ninety (90) days of receipt of his notice of right to sue.

6. Defendant is located in Oklahoma County and all acts complained of occurred in or around Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7. Plaintiff, Timothy Hines (DOB: 7/1957), who is a White male, began his employment with Defendant in or around January 2003 as a Cabinet Sales Specialist at Defendant's Store location in South Oklahoma City.

8. Throughout his lengthy employment (13 years), Plaintiff was consistently recognized as a satisfactory or better employee. He was promoted to a Department Manager position approximately one and one half (1 1/2) years after he was hired. And, he received numerous awards, commendations, positive performance evaluations and pay increases thereafter.

9. Despite his stellar work record, in or around May 2015, after Store Manager

Liz Lee (a female who is significantly younger than Plaintiff) began working at the same store location as Plaintiff, Plaintiff was treated less favorably than his significantly younger, non-disabled, non-White and/or female counterparts.

10. Particularly, in or around May 2015, Plaintiff was informed by then-Zone Manager Rich Delooth that Lee wanted to transfer Plaintiff from Department Manager in Millworks to Department Manager in Tools because Lee wanted to promote another employee, Ben Gibson (in his 20s), to a Department Manager position. Plaintiff was told Gibson wanted to work in Millworks. And, although Plaintiff did not want to make the transfer, he was not given a choice. Therefore, Plaintiff was forced to transfer and replaced by Gibson.

11. Thereafter, in or around mid- to late-August 2015, Lee also passed Plaintiff over for a promotion to the position of Assistant Store Manager. The position was offered instead to a less tenured and less qualified Black female, Angela Clark (in her 30s), who Plaintiff helped train.

12. Approximately one month later, in or around September 2015, Plaintiff (for the first time in his near 13 year history) was issued written discipline signed by Lee, for alleged "excessive" absences However, Plaintiff had sufficient paid leave time to cover his absences. And, his absences should have been covered under the FMLA.

13. More specifically, in or around September 2015, Plaintiff was required to undergo two heart catheter surgeries. Consequently, Plaintiff was incapacitated and required to be absent from work for a period of approximately two (2) weeks in total. Despite this, and the fact Defendant was aware of the reason for Plaintiff's leave, Plaintiff was not informed of his right to FMLA.

14. Moreover, Plaintiff suffers from coronary artery disease and congestive heart

failure which substantially impacts one or more major life activities, including, but not limited to, his ability to concentrate, breathe and engage in physically strenuous activity, as said condition caused Plaintiff to suffer from fatigue, lethargy and dizziness. Plaintiff's cardiac condition also impairs one or more of his internal bodily processes, including Plaintiff's cardiovascular/circulatory system. As such, Plaintiff is a qualified individual with a disability, has a record of a disability, and/or was regarded as having a disability during his employment with Defendant.

15. A few months following his surgeries, Lee fired Plaintiff, on or about January 20, 2016, telling Plaintiff that he was being fired for allegedly having tackled a shoplifter. However, the stated reason for Plaintiff's termination is pretext.

16. Plaintiff did not violate policy or tackle the shoplifter as he was accused. And, upon information and belief, witnesses provided statements confirming that Plaintiff did not tackle the shoplifter.

17. Further, shortly before Plaintiff was fired, the same shoplifter Plaintiff was accused of tackling stole merchandise from the store. Plaintiff witnessed the incident and Lee asked Plaintiff why he did not trip the shoplifter.

18. Moreover, in or around September and October 2015, other significantly younger, non-Caucasian employees engaged in actual violations of the Defendant's apprehension policy but were not disciplined.

19. More specifically, in or around September 2015, Cashier, Mickey (Last Name Unknown), a Black female chased several shoplifters into the parking lot in violation of policy. Similarly, in or around October 2015, Eli (Last Name Unknown), a Black male, approached and threatened a shoplifter at or near the front of the store. Yet, neither of these employees were fired.

20. Upon information and belief, Plaintiff was replaced by a significantly younger individual.

21. Additionally, during the last several years of Plaintiff's employment, Plaintiff was regularly required to work overtime hours for which he was not paid. That is, in the last several years of Plaintiff's employment, up through his termination, Plaintiff and other non-exempt employees were told overtime hours were not permitted. Despite this, Plaintiff was assigned extensive work tasks which could not be completed within a forty (40) hour workweek, thereby requiring Plaintiff to work overtime, approximately ten (10) to fifteen (15) hours per week. Plaintiff's supervisors were aware Plaintiff worked overtime. However, Plaintiff was not compensated for the hours he worked in excess of forty (40) hours per week.

22. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries as described below.

## COUNT I - ADA/ADAAA

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

23. The matters alleged above constitute discrimination based on a disability, a record of a disability and/or perceived disabilities in violation of the ADA and ADAAA.

24. More specifically, Plaintiff was a qualified individual with a disability, in that, he suffers from a physical impairment (i.e., a cardiac condition) which substantially limits his ability to perform one or more major life activities as set forth above. Further, Plaintiff's disability impacts one or more of his internal bodily processes, as shown herein.

25. Despite said impairments, Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodations at all relevant times hereto.

26. Plaintiff was terminated under circumstances giving rise to an inference of discrimination.

27. As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses.

28. Because the actions of Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

**COUNT II - FMLA**

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

29. The matters alleged above constitute interference with and retaliation for Plaintiff's use or attempted use of medical leave in violation of the Family and Medical Leave Act ("FMLA").

30. Plaintiff was entitled to medical leave because he worked for Defendant, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site, for more than one (1) year and for more than 1,250 hours within the one year prior to his need for leave.

31. Plaintiff suffered from a serious health condition (i.e., a cardiac condition), requiring continuing treatment by a medical provider.

32. Defendant interfered with Plaintiff's rights under the FMLA by *inter alia* failing to notify Plaintiff of his FMLA rights.

33. Defendant also retaliated against Plaintiff for his use of FMLA leave, issuing Plaintiff discipline for absences covered under the FMLA and ultimately terminating Plaintiff. Defendant's actions were taken in response to Plaintiff's exercise of rights under the FMLA.

34. As set forth herein, Defendant's actions were in willful violation of the law. Defendant was aware of the FMLA and the requirements contained therein, but willfully violated Plaintiff's FMLA rights.

35. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries and is entitled to recovery of all damages, including, but not limited to, lost income, past and future, liquidated damages, based on the willfulness of Defendant's violation of the FMLA, attorneys' fees and costs.

## COUNT III - ADEA

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

36. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

37. Plaintiff is entitled to relief under federal law for age discrimination because, at all relevant times hereto, Plaintiff was over the age of forty (40); he applied for and was qualified for the position of Assistant Store Manager; despite being qualified he was rejected; and after he was rejected, the position was filled.

38. Plaintiff is further entitled to relief under the ADEA because, at all relevant times to this action, Plaintiff was over the age of forty (40); he was qualified for his job; he was terminated and his position was not eliminated.

39. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct in violating the ADEA.

## COUNT IV - Title VII (Race)

For his fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

40. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race-based discrimination.

41. Plaintiff is entitled to relief under Title VII for race discrimination because, as stated herein, Plaintiff is a member of a protected class; he applied for and was qualified for the position of Assistant Store Manager; despite being qualified he was rejected; and after he was rejected, the position was filled.

42. Plaintiff is further entitled to relief under Title VII for race discrimination because, as stated herein, Plaintiff is a member of a protected class; he was qualified for his job; he was terminated from his employment with Defendant; and his job was not eliminated. And, Defendant's stated reason for firing Plaintiff is pretext.

43. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

44. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## COUNT V - Title VII (Gender)

For his fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

45. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of gender-based discrimination.

46. Plaintiff is entitled to relief under Title VII for gender discrimination because,

as stated herein, Plaintiff is a member of a protected class; he applied for and was qualified for the position of Assistant Store Manager; despite being qualified he was rejected; and after he was rejected, the position was filled.

47. Plaintiff is further entitled to relief under Title VII for gender discrimination because, as stated herein, Plaintiff is a member of a protected class; he was qualified for his job; he was terminated from his employment with Defendant; and his job was not eliminated. And, Defendant's stated reason for firing Plaintiff is pretext.

48. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

49. Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

**COUNT VI: Violation of the FLSA**

For his sixth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

50. The acts described above constitute a violation of the Fair Labor Standards Act for failure to pay regular and overtime wages to Plaintiff.

51. The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per week.

52. Defendant required Plaintiff, a non-exempt employee, to routinely work more than forty (40) hours per week without regular or overtime compensation.

53. Defendant knew, or showed reckless disregard for, the fact that it failed to pay Plaintiff regular and overtime compensation for the hours Plaintiff worked in excess of forty (40) hours per week.

54. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff

suffered a loss of income and other damages. As such, Plaintiff is entitled to recover lost wages, liquidated damages, attorneys' fees and costs incurred in connection with this claim.

**COUNT VII - Violation of Okla. Stat. tit. 40, § 165.2**

For his seventh cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

55. The acts described above constitute a violation of Oklahoma state law, Okla. Stat. tit. 40, § 165.2.

56. Okla. Stat. tit. 40, § 165.2 employers to pay employees all wages due, including regular and overtime wages, at least twice each calendar month.

57. Defendant required Plaintiff, a non-exempt employee, to routinely work more than forty (40) hours per week without paying Plaintiff regular or overtime compensation for said hours.

58. As such, Plaintiff is entitled to all damages provided for by law, including liquidated damages and attorneys' fees and costs.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendant and award compensatory damages, liquidated damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 2nd DAY OF AUGUST, 2016.**

s/ Jana B. Leonard
JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA # 18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800 (telephone)
(405) 239-3801 (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED